UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUSTIN D. JOYCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-1367 |
| ) | |
| AUTOMOTIVE, PETROLEUM, ) | |
| AND EMPLOYEES UNION LOCAL 618, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant union's motion for summary judgment. Plaintiff opposes the motion and the motion is fully briefed. The Court will grant defendant's motion for the reasons set forth below.

### I. BACKGROUND

Plaintiff Justin Joyce filed this action against defendants Automotive, Petroleum and Allied Industries Employees Union Local 618 ("Union") and Lou Fusz Motor Company ("Lou Fusz") pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, for breach of a collective bargaining agreement against his employer and for breach of the fair duty of representation against the union. In Count I of his two-count complaint, plaintiff alleged that the Union breached its duty of fair representation in: (1) failing to inform him of his rights and remedies under the Collective Bargaining Agreement ("CBA"); (2) failing to inform him of his right to file a grievance; (3) failing to advocate his position to the employer, Lou Fusz; (4) failing to explain to him the ramifications of signing the resignation form; and (5) participating in having plaintiff resign from the Union without providing plaintiff with any guidance or explanation, in violation of the

CBA. In Count II, plaintiff alleged his employer, Lou Fusz, breached the CBA by discharging him without just cause.

The Court referred the case to alternative dispute resolution. Plaintiff settled with Lou Fusz, but not with the Union. Lou Fusz was then dismissed from the action.

The Union now moves for summary judgment, arguing plaintiff's LMRA claim must fail because he dismissed his employer, Lou Fusz, as a defendant. The Union argues in the alternative that if plaintiff's cause of action survived the dismissal of Lou Fusz, plaintiff cannot prove that the Union breached its duty of fair representation, i.e., that the Union's actions were arbitrary, discriminatory or in bad faith. The Union submitted, among other things, deposition excerpts, and the affidavit of Rod T. Joggerst, who is employed by the Union and is the Business Representative for all bargaining unit members covered by the CBA.

Plaintiff opposes the motion, arguing his dismissal of Lou Fusz as a defendant is not fatal to his prima facie case for breach of the duty of fair representation, nor does it mean he can no longer prove breach of duty of fair representation against the Union. Although plaintiff does not concede that an allegation of a violation of the CBA by Lou Fusz is required to be in both Counts I and II of the complaint, plaintiff suggests he can amend his pleading to allege in Count I against the Union that Lou Fusz breached the CBA by discharging him without cause. Plaintiff submitted his affidavit and deposition excerpts in support.

The evidence reveals the following. Joyce was hired by Lou Fusz as a part-time porter in August 2001. Lou Fusz is a party to a CBA with defendant Union. In January 2004, when he became a full-time porter, plaintiff joined the Union and was covered by the CBA between Lou Fusz and the Union.

2

Plaintiff is approximately twenty five years old and suffers from a learning disability. Plaintiff testified at his deposition that he can read and write, but that he "learn[s] slowly." Plaintiff graduated from high school while taking special education classes. Plaintiff had informed Matt Olsen, an Assistant Manager and plaintiff's immediate supervisor, of his disability prior to his employment with Lou Fusz, but had not informed the Union. Plaintiff did not request any special accommodation for his learning disability

In October 2004 plaintiff was reportedly driving recklessly in a vehicle owned by Lou Fusz. In December 2004, plaintiff backed a vehicle owned by Lou Fusz into a parked car. In February 2005, plaintiff exposed his buttocks to a video camera at Lou Fusz. Lou Fusz did not formally write-up or suspend plaintiff for these incidents.

On March 2, 2005, plaintiff, along with co-worker and senior porter, Lenny Riggs, decided to play a practical joke on another employee, George Burton. Burton had been sweeping the lot when Riggs told plaintiff to throw some trash on the ground where Burton had just finished sweeping. Plaintiff threw two or three pieces of trash onto the ground.

Burton complained to Mark Mercer, General Sales Manager, about the incident. Matt Olsen, plaintiff's supervisor, asked plaintiff if he had dumped the trash, and plaintiff responded that he had. Olsen then told plaintiff to clock out and leave and to contact him the next morning.

Plaintiff alleges that he called Olsen the next day, March 3, 2005, and was informed by Olsen that he had been fired and that he would have to come in and sign resignation papers. Plaintiff alleges that although he did not understand Olsen's instructions, he reported to Olsen's office that morning. Plaintiff met with Olsen and shop steward, Frazier Vincent. Plaintiff testified in his deposition that he did not request Vincent's representation or any union representation at that time.

Olsen gave plaintiff the opportunity to resign in lieu of being terminated because it would look better on his record. Plaintiff alleges that at the meeting, Olsen instructed plaintiff to sign two separate papers, but that Olsen did not explain to him the effect of resigning-- as opposed to being terminated--with respect to his grievance rights under the CBA. Plaintiff alleges that he made it clear to Olsen and Frazier that he did not understand what he was signing. Despite his efforts, neither Olsen or Frazier made any attempt to explain to him his grievance rights as contained in the CBA. Plaintiff attested in his affidavit that although he signed the resignation documents produced at the meeting, he at no time understood that by signing a voluntary resignation he would be waiving his right to the grievance procedure outlined in the CBA. Plaintiff further attested that no representative from the Union, at any time during this meeting, informed plaintiff of his options regarding the grievance procedure as outlined in the CBA.

Rod Joggerst, who is employed by the Union and is the Business Representative for all bargaining unit members covered by the CBA, attested in his affidavit that it is not the duty of the Union shop stewards to solicit grievances from members or to advise members not to voluntarily resign employment.

On March 28, 2005 plaintiff filed a grievance with the Union, complaining that he was ordered to resign or be terminated. On March 31, 2005, the Union denied the grievance as untimely and because plaintiff had voluntarily resigned.

## II. DISCUSSION

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986).

4

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

Plaintiff's claims are pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, for breach of a collective bargaining agreement against his employer and for breach of the duty of fair representation against the union. To recover against an employer under § 301 for breach of a CBA,

5

employees must first prove that their union breached its duty of fair representation. Vaca v. Sipes, 386 U.S. 171, 186 (1967). Under the LMRA, the courts apply federal law and look to state law where it is compatible with the purposes of the LMRA. Textile Workers Union v. Lincoln Mills of Ala., 353 U.S. 448, 456-57 (1957).

The Union first argues plaintiff's claim against it must fail because he dismissed his employer, Lou Fusz, as a defendant. The Union argues that because plaintiff dismissed Lou Fusz, plaintiff cannot prove both required elements of his claim against the Union. The Union argues that in order for the cause of action to survive against only the Union following the dismissal of Lou Fusz, plaintiff would have needed to plead against the Union that Lou Fusz breached the CBA.

Plaintiff argues that the dismissal of Lou Fusz as a defendant is not fatal to his prima facie case of breach of the duty of fair representation, nor does it mean he can no longer prove breach of duty of fair representation against the Union. Although plaintiff does not concede that an allegation of a violation of the CBA by Lou Fusz is required to be in both Counts I and II of the complaint, plaintiff suggests he can amend his pleading to allege in Count I against the Union that Lou Fusz breached the CBA by discharging him without cause.

The parties have not provided, nor has the Court found, any case authority directly on point. The Court concludes it need not address the issue, however, because assuming *arguendo* that plaintiff's cause of action survived, plaintiff has not met his initial burden of presenting evidence that defendant Union breached its duty of fair representation.

"A breach of the duty of fair representation by a union occurs only when the union's conduct is 'arbitrary, discriminatory, or in bad faith.'" Smith v. United Parcel Service, Inc., 96 F.3d 1066, 1068 (8th Cir. 1996) (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967)). "Mere negligence, poor judgment, or ineptitude on the part of the union is insufficient to establish a breach of the duty of fair

6

representation." Stevens v. Highway, City, & Air Freight Drivers Local Union No. 600, 794 F.2d 376, 378 (8th Cir. 1986) (citations omitted). A union's conduct is arbitrary if, when all the circumstances existing at the time of the union's action or inaction are considered, the union's actions are "so far outside a wide range of reasonableness as to be irrational." Beavers v. United Paperworkers Int'l Union, Local 1741, 72 F.3d 97, 100 (8th Cir. 1995) (citations and internal quotations omitted).

The fact that a union has chosen not to pursue a grievance does not constitute arbitrary conduct in and of itself. Unions possess substantial discretion in deciding which grievances to pursue. Carnes v. United Parcel Service, Inc., 51 F.3d 112, 116 (8th Cir. 1995) (citing Minnis v. International Union, United Auto., Aerospace and Agr. Implement Workers of America, UAW, 531 F.2d 850, 854 (8th Cir. 1975)). The Eighth Circuit has stated:

> A union does not act arbitrarily simply because it does not pursue a grievance that it has decided lacks merit. Indeed, because the union's duty of fair representation is a collective duty, owed equally to all members of the bargaining unit, courts have ruled that the union has the affirmative duty not to press grievances which the union believes, in good faith, do not warrant such action.

Sanders v. Youthcraft Coats and Suits, Inc., 700 F.2d 1226, 1229 (8th Cir. 1983) (citations omitted).

Therefore, in order to avoid summary judgment, plaintiff must either: (1) present evidence that a material issue of fact exists as to whether the Union's action or inaction is outside the "wide range of reasonableness" under the circumstances, see Beavers, 72 F.3d at 100; or (2) present "enough evidence of discrimination [or bad faith] by the union to create a genuine issue of material fact." Schmidt v. International Broth. of Elec. Workers, Local 949, 980 F.2d 1167, 1170 (8th Cir. 1992) (quoting Carter v. United Food & Commercial Workers, Local No. 789, 963 F.2d 1078, 1082 (8th Cir. 1992)).

7

The Court concludes that plaintiff has not presented the requisite evidence to avoid summary judgment. The thrust of plaintiff's complaint is that the shop steward failed to provide advice, legal or otherwise, to plaintiff. Rod Joggerst, however, attested in his affidavit that it is not the duty of the Union shop stewards to solicit grievances from members or to advise members not to voluntarily resign from their employment. Plaintiff offers no material facts to demonstrate that the shop steward, Frazier Vincent, was dishonest, or engaged in any deceitful action or fraudulent activity. The Court concludes the evidence suggests shop steward Vincent's conduct during plaintiff's resignation was not so far outside a wide range of reasonableness as to be irrational.

Moreover, plaintiff offers no material facts to suggest that Joggerst or any officer at the Union was dishonest, or engaged in any deceitful action or fraudulent activity. Plaintiff testified that he did not contact anyone at the Union prior to filing his grievance or after he received Joggerst's March 31, 2005 letter denying his grievance. Because plaintiff accepted his employer's offer to resign and signed a resignation form, the concepts associated with discharge are not generally applicable.

As to plaintiff's allegation that the Union discriminated against him because he has a learning disability, the evidence shows plaintiff told no one at the Union that he had a learning disability, plaintiff did not indicate on his application for employment that he had a learning disability, and plaintiff never requested special accommodation for his learning disability. Therefore, plaintiff fails to raise an issue of material fact that any disability on plaintiff's part was known to the Union in order that any type of discrimination could be possible.

### III. CONCLUSION

For all of the foregoing reasons, the Court will grant the Union's motion for summary judgment.

8

Accordingly,

**IT IS HEREBY ORDERED** that the Automotive, Petroleum, and Employees Union Local 618's motion for summary judgment is **GRANTED.** (Doc. 21)

**IT IS HEREBY ORDERED** that the plaintiff's motion for leave to file his response to defendant's motion for summary judgment is **GRANTED.** (Doc. 22)

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of December, 2006.